IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALONZO HATCHEL,

    Plaintiff,

v.                                                                         CASE NO. 1:08-cv-00168-MP-AK

MICHAEL J ASTRUE,

    Defendant.

_____/

# **O R D E R**

This matter is before the Court on Doc. 30, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be affirmed. The time for filing objections has passed, and none have been filed.

The Court agrees with the Magistrate Judge that although the ALJ failed to comply with the Appeals Council's Remand order dated June 26, 2006 -- by failing to further consider Plaintiff's mental capacity and make appropriate references to evidence to support any limitations – such error was harmless. Prior to the date last insured of March 31, 2003, the evidence does not establish that Plaintiff suffered from any mental limitations. The majority of Plaintiff's treatment pertains to his lower back and gastrointestinal symptoms. The only reference to Plaintiff's mental condition is a notation that Plaintiff reported that he was not suffering from anxiety, stress and depression. The fact that Plaintiff sought no medical treatment for his alleged mental problems militates against a finding of severity of these alleged impairments. Thus, any error in failing to expressly consider this lack of evidence of mental limitation was harmless.

Second, the Court agrees that the ALJ did in fact perform a complete "severity" analysis

at step two of the sequential evaluation process because the Administrative Law Judge included in his hypotheticals to the vocational expert all the limitations that the Administrative Law Judge actually believed to be present. That is, even though the ALJ found that Plaintiff suffered from degenerative disc disease with low back pain, hypertension, and gastroesophageal reflux disease, the ALJ properly found his statements concerning the intensity, persistence and limiting effects of these symptoms not entirely credible because of drastic differences in Plaintiff's testimony between the first and the second hearing.

Third, even if the opinion of the vocational expert conflicted with the jobs described in the Dictionary of Occupational Titles (DOT) as being consistent with the residual functional capacity found by the Administrative Law Judge, the testimony of the vocational expert should be favored over the DOT guidelines. The Administrative Law Judge did so in this case.

Finally, the Administrative Law Judge properly discounted the opinion of two physicians who treated Plaintiff only twice and that of a physician's assistant. The weight of the medical evidence as a whole supported the conclusion of the Administrative Law Judge that Plaintiff could perform light work. Thus, he was not disabled under the law until he turned 55 in 2004, which is after his last insured date.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein. The decision of the Commissioner, denying benefits, is affirmed.

**DONE AND ORDERED** this  *18th*  day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge